■ GREENBURGH ELEVEN UNION FREE SCHOOL DISTRICT, Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Appellants, et al., Defendants. [748 NYS2d 13] —Order, Supreme Court, New York County (Helen Freedman, J.), entered June 3, 2002, which, inter alia, granted plaintiff's motion to amend its complaint, unanimously affirmed, with costs.

After substantial discovery was complete in this insurance coverage dispute, plaintiff moved to amend its complaint, inter alia, to add a claim alleging that defendant National Union

Fire Insurance Company was estopped from denying coverage with respect to claims made against plaintiff in underlying litigation. The IAS court granted the motion. Defendant insurers contend that they were prejudiced by plaintiff's delay in moving for leave to amend, since, had the new facts and theories in the proposed amended complaint been asserted earlier, they would have attempted to settle the underlying litigation for less than the settlement amount ultimately agreed to by plaintiff. This claim of prejudice was properly rejected by the motion court since a change in a party's subjective evaluation of the strength of the opposing party's claims does not ordinarily constitute prejudice sufficient to defeat a motion to amend (see e.g. Pacheco v New York City Tr. Auth., 223 AD2d 494). This is particularly true here, where defendant insurers were well aware, at least since the action's inception, of the factual basis for the claims set forth in the proposed amendment. Adams Drug Co. v Knobel (129 AD2d 401), relied upon by defendant insurers, is inapposite. That case involved a partial denial of a motion for leave to amend, where granting the motion in its entirety would have resulted in substantial prejudice to newly added parties who, prior to being joined in the action, entered into real estate transactions in reasonable reliance on the original litigation stance of the movant, maintained through a trial, a resulting judgment, and two appeals.

While plaintiff was or should have been aware of the facts and theories asserted in the amended complaint long before amendment was actually sought, delay alone is not a sufficient ground for denying leave to amend (see Edenwald Contr. Co. v City of New York, 60 NY2d 957). Concur—Tom, J.P., Sullivan, Rosenberger, Ellerin and Rubin, JJ.