Johnson v Montefiore Med. Ctr. (2022 NY Slip Op 01418)





Johnson v Montefiore Med. Ctr.


2022 NY Slip Op 01418


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Index No. 30053/17E Appeal No. 15480-15480A Case No. 2021-01353, 2021-01424 

[*1]Alma Johnson, Plaintiff-Respondent,
v
Montefiore Medical Center et al., Defendants-Appellants.


Yoeli Gottlieb & Etra LLP, New York (Ryne A. Duchmann of counsel), for appellants.
Gentile & Associates, New York (Jason Chamikles of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered February 3, 2020, which denied defendants' motion for leave to amend their answers, unanimously reversed, on the law, without costs, and defendants' motion granted to the extent of granting them leave to serve amended answers in the form annexed as Exhibit C to defendants' reply to the underlying motion on the conditions that (1) the verifications annexed to the answers of defendants Montefiore Medical Center (Montefiore) and Dennis Kuo (Dr. Kuo) be amended to comply with CPLR 3020(d), and (2) all persons previously deposed on defendants' behalf appear for further deposition, within 60 days of the date of this order, as to defendants' new affirmative defenses of plaintiff's culpable conduct and comparative negligence. Appeal from order, same court and Justice, entered on or about April 14, 2021, unanimously dismissed, without costs, as academic.
In this medical malpractice action, plaintiff alleges that defendants injured her ureter during a hysterectomy to remove a uterine adenosarcoma. Plaintiff commenced this action in October 2017; defendants served separate verified answers to the complaint in December 2017. Plaintiff was deposed on April 12, 2019.
By letter dated October 8, 2019, defendants requested that plaintiff stipulate to allow them to amend their answers to assert the affirmative defenses of culpable conduct and comparative negligence. Dr. Kuo was then deposed on November 8, 2019. Three days later, defendants moved for leave to amend their answers to assert those affirmative defenses, claiming that plaintiff's weight and smoking history contributed to her claimed injuries. Defendants included plaintiff's deposition testimony and medical records with the moving papers but did not include either an affidavit of merit or proposed amended answers. After plaintiff's opposition to defendants' motion noted their failure to include the proposed amended pleadings, defendants submitted them in reply. As plaintiff would later point out, the verifications for Dr. Kuo's and Montefiore's proposed amended answers were defective insofar as they failed to comply with CPLR 3020(d).
The court denied defendants' motion, with leave to renew, finding that defendants had not offered any reason or excuse for their delay in seeking leave to amend and failed to include both an affidavit of merit and proposed amended pleadings with their moving papers. According to the court, defendants offered no evidence connecting plaintiff's claimed injuries to either her weight or her smoking history. The court also found that plaintiff would be prejudiced by the amendment, since plaintiff, Dr. Kuo, and defendant Devin Miller had already been deposed.
The court improvidently exercised its discretion in denying defendants leave to amend their answers. "While [defendants were] or should have been aware of the facts and theories asserted in the amended [answers] long before amendment was actually sought, [*2]delay alone is not a sufficient ground for denying leave to amend" (Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co. of Pittsburgh, Pa., 298 AD2d 180, 181 [1st Dept 2002]). Under the circumstances in this case, there was no unreasonable delay by defendants in seeking leave to amend, as plaintiff has not filed her note of issue nor has the case has been certified as trial-ready (see e.g. Panasia Estate, Inc. v Broche, 89 AD3d 498 [1st Dept 2011]; Heller v Louis Provenzano, Inc., 303 AD2d 20, 23-24 [1st Dept 2003]; Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 257 AD2d 423, 423 [1st Dept 1999]). Further, because there was no extended delay by defendants in moving to amend, they did not need to proffer a reasonable excuse for the delay (see Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290, 293 [1st Dept 2004]).
Plaintiff's claim that she will be prejudiced by the amendment because she and two named defendants have already been deposed can be resolved by directing that all persons previously deposed on defendants' behalf appear for further deposition, within 60 days of the date of this order, as to defendants' new affirmative defenses (see generally CPLR 3025[b] [leave to amend pleadings "shall be freely given upon such terms as may be just"]).
The court also incorrectly expected defendants to furnish an affidavit of merit in support of their proposed amendments. However, "[o]n a motion for leave to amend, [the movant] need not establish the merit of its proposed new allegations, but simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit" (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010] [internal citation omitted]). Contrary to the motion court's conclusion, defendants did so here. Contrary also to plaintiff's argument, Golson v Addei does not stand for the proposition that a comparative negligence defense in a medical malpractice case based on a plaintiff's smoking history is per se meritless (216 AD2d 268, 269 [2d Dept 1995] [finding that the trial court "properly concluded that the evidence presented with respect to the plaintiff's smoking as an instance of contributory fault consisted 'merely of general conclusions, conjecture, and speculation about the physical consequences of smoking'"]). At this juncture, whether defendants can establish their affirmative defenses is a matter for either the court on summary judgment or the finder of fact at trial.
While defendants' moving papers and proposed amended pleadings suffered from technical defects, those defects did not, under the circumstances presented here, justify denying defendants' motion to amend (see CPLR 3026). With regard to defendants' failure to include proposed amended pleadings with their motion papers, under the circumstances of this case, this "was a technical defect, which the court should have overlooked," since defendants provided proposed amended pleadings [*3]with their reply (Medina v City of New York, 134 AD3d 433, 433 [1st Dept 2015]), and the proposed amendments were "limited" and "clearly described in the moving papers" (Medina, 134 AD3d at 433; see Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486, 490 [1st Dept 2018]). As for the defects in the verifications of Dr. Kuo's and Montefiore's proposed amended answers — namely, both proposed amended answers are verified by defendants' counsel, even though Dr. Kuo lives in the county in which counsel maintains her office (CPLR 3020[d][3]) and an officer of Montefiore must verify its answer (CPLR 3020[d][1]) — these too are technical in nature and did not warrant denying defendants' motion (see SLG Graybar v Hannaway Law Offs., 182 Misc 2d 217, 221 [Civ Ct, NY County 1999]; see also State of New York v McMahon, 78 Misc 2d 388, 389 [Sup Ct, Albany County 1974]). In any event, since these defects are easily correctible, defendants' leave to amend their answers is further conditioned on amending Dr. Kuo's and Montefiore's verifications to comply with the statute.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022