**Great N. Ins. Co. v Curtis Elec., Inc.**

2024 NY Slip Op 31986(U)

June 10, 2024

Supreme Court, New York County

Docket Number: Index No. 157009/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**　　　　　　　PART　　　　　　**33M**

*Justice*

-----------------------------------------------------------------------X

GREAT NORTHERN INSURANCE COMPANY A/S/O
ZACHARY M. HARRISON AND HEATHER HARRISON,

　　　　　　　　　　　Plaintiff,

- v -

CURTIS ELECTRIC, INC.,WR HOME BUILDERS,
LLC,MATTHEW ROOFING CO.

　　　　　　　　　　　Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157009/2022 |
| MOTION DATE | 12/16/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47

were read on this motion to/for 　　　　　　　　　　DISMISSAL　　　　　　　　　　.

Upon the foregoing documents, and after oral argument which occurred on October 17, 2023 with Paul A. Tumbleson, Esq. appearing for Plaintiff Great Northern Insurance Company ("Plaintiff"), Murad Sarder, Esq. appearing for Defendant Mathew Roofing Co. ("Mathew Roofing") and Aneshia Chintamani, Esq. appearing for Defendant WR Home Builders, LLC ("WR Home Builders"), and there being no appearance by Defendant Curtis Electric, Inc. ("Curtis Electric"), WR Home Builders' motion to dismiss is granted and Plaintiff's cross-motion seeking leave to amend the Complaint to name WR Construction, LLC ("WR Construction") as a defendant in lieu of WR Home Builders, is likewise granted.

## A. Background

This is a subrogation action for property damages sustained as a result of rainwater infiltration in a residence located at 4 Jenny Close, Mamaroneck, New York (the "Premises") (NYSCEF Doc. 1 at ¶ 2). Plaintiff alleges that WR Home Builders was a contractor and/or subcontractor who performed work on a renovation of the residence whose acts and/or omissions

**157009/2022   GREAT NORTHERN INSURANCE COMPANY A/S/O ZACHARY M. HARRISON AND**　　　**Page 1 of 6**
**HEATHER HARRISON vs. CURTIS ELECTRIC, INC., ET AL**
**Motion No.  001**

1 of 6

contributed to the alleged rainwater damage. WR Home Builders moved to dismiss the Complaint pursuant to CPLR 3211(a)(1) and (a)(7) (NYSCEF Doc. 23). WR Home Builders' motion argues that Plaintiff named the wrong entity and that the correct entity is WR Construction LLC. (NYSCEF Doc. 24). WR Home Builders also seeks dismissal of co-defendants Matthew Roofing and Curtis Electric's crossclaims.

In support of its motion WR Home Builders submits an affidavit from Patricia Cruz Aguilar who is the sole member of WR Home Builders LLC wherein she swears that WR Home Builders was not involved in renovation work at the Premises (NYSCEF Doc. 36). WR Home Builders LLC also submitted the affidavit of Ms. Aguilar's husband, Walter Reis De Aguilar, who claims his company WR Construction LLC was involved in renovation work at the Premises and produced a contract evidencing WR Construction LLC's involvement (NYSCEF Doc. 35).

In response, Plaintiff opposed arguing that the purported documentary evidence submitted by WR Home Builders is insufficient to resolve all factual issues and has also cross-moved to amend the Complaint to substitute WR Construction LLC in place of WR Home Builders" (NYSCEF Docs. 37-38).

On reply, WR Home Builders states it "takes no position with respect to Plaintiff's cross-motion to the extent that Plaintiff seeks to substitute WR Construction, LLC as a Defendant in lieu of WR Home Builders, LLC (NYSCEF Doc. 47).

**B. Standard**

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be

**157009/2022 GREAT NORTHERN INSURANCE COMPANY A/S/O ZACHARY M. HARRISON AND** **Page 2 of 6**
**HEATHER HARRISON vs. CURTIS ELECTRIC, INC., ET AL**
**Motion No. 001**

[* 2]

2 of 6

accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

A motion to dismiss based on documentary evidence pursuant to CPLR § 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]). A court may not dismiss a complaint based on documentary evidence unless the factual allegations are definitively contradicted by the evidence (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. V National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]).

**157009/2022  GREAT NORTHERN INSURANCE COMPANY A/S/O ZACHARY M. HARRISON AND**       **Page 3 of 6**
**HEATHER HARRISON vs. CURTIS ELECTRIC, INC., ET AL**
**Motion No. 001**

[* 3]

3 of 6

## C. Discussion

### i. Cross-Motion Seeking Leave to Amend

For the sake of brevity and in the interest of judicial economy, the Court will first address Plaintiff's cross-motion seeking leave to amend. This motion is unopposed, the proposed pleadings are not palpably insufficient, and no party has expressed how they would be prejudiced by the amendment. Accordingly, Plaintiff's motion seeking leave to amend is granted.

### ii. WR Home Builder's Motion to Dismiss

WR Home Builder's Motion to Dismiss is likewise granted. First, none of the co-defendants opposed WR Home Builder's motion seeking dismissal of crossclaims and therefore the cross-claims are dismissed as unopposed.

Second, the Court need not reach Plaintiff's opposition regarding the sufficiency of WR Home Builders' documentary evidence as in Plaintiff's own proposed amendment they have substituted WR Home Builders for WR Construction, LLC. As Plaintiff's motion seeking leave to amend was granted as unopposed, and the amended pleadings do not name WR Home Builders as a party to this action, WR Home Builders is de facto dismissed and there is no need to entertain Plaintiff's opposition.

Thus, as Plaintiff's cross-motion seeking leave to amend was granted, and WR Home Builders is not named in the amended pleadings, WR Home Builders' motion to dismiss is likewise granted.

**157009/2022   GREAT NORTHERN INSURANCE COMPANY A/S/O ZACHARY M. HARRISON AND**          **Page 4 of 6**
**HEATHER HARRISON vs. CURTIS ELECTRIC, INC., ET AL**
**Motion No. 001**

[* 4]                                                                                            4 of 6

Accordingly, it is hereby,

ORDERED that Defendant WR Home Builders' motion to dismiss is granted in its entirety and Plaintiff's claims and the co-defendants' crossclaims are dismissed as to Defendant WR Home Builders only; and it is further

ORDERED that Plaintiff's motion for leave to amend the Complaint is granted; and it is further

ORDERED that this action shall bear the following caption:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY a/s/o
ZACHARY M. HARRISON and HEATHER HARRISON,

Index No.: 1570096/2022

               *Plaintiff,*
  -against-

CURTIS ELECTRIC, INC., WR CONSTRUCTION, LLC
and MATTHEW ROOFING CO.,
               *Defendants*
-----------------------------------------------------------------------X

And it is further,

ORDERED that WR Construction, LLC be added to the caption in this matter as a defendant and that the parties and the Clerk of the Court are to ensure that the caption is amended on any future filings accordingly, and it is further

ORDERED that the Amended Complaint in the proposed form annexed to the moving papers (NYSCEF Doc. 46) shall be deemed served on Defendants who have appeared in this action upon service of this Decision and Order with notice of entry; and it is further

ORDERED that the Defendants who have appeared in this action, within twenty days of said service, shall file an Answer to the Amended Complaint; and it is further;

**157009/2022  GREAT NORTHERN INSURANCE COMPANY A/S/O ZACHARY M. HARRISON AND HEATHER HARRISON vs. CURTIS ELECTRIC, INC., ET AL
Motion No. 001**

**Page 5 of 6**

5 of 6

ORDERED that Plaintiff shall serve the Amended Complaint on Defendant WR Construction LLC in the time specified in the CPLR; and it is further

ORDERED that the parties shall appear for a compliance conference on September 4, 2024 at 9:30 a.m. in 60 Centre Street, Room 442, New York, New York; and it is further

ORDERED that within 30 days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties to this action and the Clerk of the Court; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/10/2024 | | | _Mary V Rosado JSC_ | |
|-----------|--|--|----------------------|--|
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|------------------------|---|
| | x | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157009/2022   GREAT NORTHERN INSURANCE COMPANY A/S/O ZACHARY M. HARRISON AND      Page 6 of 6
HEATHER HARRISON vs. CURTIS ELECTRIC, INC., ET AL
Motion No.  001**

[* 6]

6 of 6