| **Aguirre v 635 Madison Fee Prop. Owner LLC** |
|:---:|
| 2024 NY Slip Op 33428(U) |
| September 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151111/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                          PART                    33M

_Justice_

----------------------------------------------------------------------X

JEAN AGUIRRE,

                          Plaintiff,

                - v -

635 MADISON FEE PROPERTY OWNER LLC,TECTONIC
BUILDERS INC.,BRONXDALE ELECTRIC
INC.,IRONWOOD REALTY CORPORATION, RICHEMONT
NORTH AMERICA, INC.,MONTBLANC,

                         Defendant.

----------------------------------------------------------------------X

RICHEMONT NORTH AMERICA, INC. and MONTBLANC

                         Plaintiffs,

                - v —

TECTONIC BUILDERS INC.

                         Defendant

----------------------------------------------------------------------X

TECTONIC BUILDERS INC.

                         Plaintiff,

                -against-

PRACTICAL PLUMBING AND HEATING INC.

                         Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151111/2021 |
| MOTION DATE | 09/10/2024 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 154132/2021

Second Third-Party
Index No. 595529/2021

The following e-filed documents, listed by NYSCEF document number (Motion 006) 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 409, 410

were read on this motion to/for                 AMEND CAPTION/PLEADINGS    .

      Upon the foregoing documents, Defendants 635 Madison Fee Property Owner LLC ("635

Madison"), Ironwood Realty Corporation ("Ironwood"), Richemont North America, Inc.

("Richemont"), and Montblanc (collectively "Movants") motion seeking leave to amend their answer to assert cross-claims for contractual indemnification and common-law indemnification against Second Third-Party Defendant Practical Plumbing and Heating Inc. ("Practical") is granted.

## I.     Background

For a more thorough recitation of the facts, the reader is referred to the Court's Decision and Order on motion sequence 003.

Pertinent to this motion, Montblanc entered a written agreement with Defendant/Second Third-Party Plaintiff Tectonic Builders Inc. ("Tectonic"). Tectonic served as a general contractor on a renovation project for Movants. Tectonic in turn subcontracted with Second-Third Party Defendant Practical Plumbing and Heating Inc. ("Practical").

The Note of Issue was filed on October 31, 2023, and several parties have moved for summary judgment, including the Movants. However, Movants now seek to amend their answers to include crossclaims against Practical. Movants claim they only discovered this omission in April/May of 2024. Movants concede that their motion comes late in litigation, but that there is no prejudice or surprise to Practical which would warrant denying amendment.

Plaintiff takes no position on whether Movants should be permitted leave to amend, nor do Tectonic or Bronxdale Electric, Inc. ("Bronxdale"). However, Practical opposes amendment. Practical argues there is no merit to any cross-claim for common law indemnification because Practical is entitled to protection afforded by Worker's Compensation Law §29(6). While Practical concedes there is an exception to the Worker's Compensation bar where a Plaintiff suffers a grave injury, Practical argues Plaintiff has suffered no such injury here. Practical argues that the proposed crossclaim for contractual indemnification is likewise meritless as there is no contract Practical

and Ironwood or Practical and Richemont. The indemnification agreement between Practical and Tectonic only agreed to indemnify the "Owner of the property" while Richemont, Ironwood, and Montblanc all admit to being lessees. Finally, Practical argues that Movants request is unduly prejudicial as it was made after motions for summary judgment have been fully briefed and discovery is closed. Practical argues that Movants had years to amend their Answers prior to the note of issue being filed but failed to do so.

In reply, Movants argue there is no real prejudice because Practical was granted an extension to move for summary judgment and has since filed a motion which explicitly seeks dismissal of the proposed common law indemnification and contractual indemnifications which Movants seek to assert (*see* Mot. Seq. 007). Movants also argue that it would be a waste of judicial resources to deny leave to amend since in that scenario Defendants would be forced to file a separate action under a separate index number.

## II. Discussion

### A. Standard

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]).

### B.  Common Law Indemnification

Movants are granted leave to amend their Answers to assert common law indemnification claims against Practical. Plaintiff's verified bill of particulars alleges a traumatic brain injury, and his bill of particulars, confirmed by deposition testimony, has shown that Plaintiff has not returned to employment. Thus, there is evidence within the record which supports a claim for common law indemnification against Practical as a trier of fact may conclude that Plaintiff suffered a brain injury within the meaning of § 11 of the Workers' Compensation statute. The proposed amendment is not so patently devoid of merit so as to deny the instant motion.

Moreover, the Court finds that Movants' delay in seeking amendment is no bar to asserting their proposed crossclaims, as Practical can neither claim prejudice or surprise resulting from Movants' delay. Indeed, the Movants have already expressly sought this relief in their original motion for summary judgment which was briefed months prior to the instant motion, and Practical opposed. Further, Practical has filed its own motion seeking dismissal of the proposed crossclaims. Thus, the alleged prejudice is insufficient to warrant denying the instant motion.

### C.  Contractual Indemnification

The Court grants Movants' motion seeking leave to assert crossclaims for contractual indemnification. The agreement between Practical and Tectonic states that Practical:

> "shall indemnify and hold harmless the owner and contractor, and agents and employees of any of them from and against claims, damages, losses and expenses....arising out of or resulting from performance of the Work under this Subcontract, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death...but only to the extent caused in whole or in part by negligent acts or omissions of the Subcontractor."

The Court of Appeals has held that indemnification provisions are to be strictly construed to avoid reading into them a duty which the parties did not intend to be assumed (*Tonking v Port*

*Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004] citing *Hooper Assoc. v AGS Computes*, 74 NY2d 487, 491 [1989]). This has been recently reiterated by the First Department, who has held that indemnification provisions should not be "judicially rewritten to create obligations that were not "unambiguously" stated " (*Weidtman v Tremont Renaissance Hous. Dev. Fund Co., Inc.*, 224 AD3d 488, 491 [1st Dept 2024]). The indemnification clause at issue is clear that an Owner is entitled to indemnification. 635 Madison owns the land on which the worksite is located and the unconverted deposition testimony is that Ironwood owns the building (NYSCEF Doc. 146 at 17:2-8). Thus, 635 Madison and Ironwood may be considered "owners" under the applicable indemnification clause. Moreover, the AIA agreement defines Montblanc, a division of Richemont North America, Inc. as the "Owner" and Tectonic as the "Contractor." (NYSCEF Doc. 319). The indemnification clause in the subcontract is a product of the AIA agreement executed between Montblanc and Tectonic. Therefore, Montblanc and Richemont, which are defined as "Owners" in the AIA agreement, can assert crossclaims for contractual indemnification against Practical.

Accordingly, it is hereby,

ORDERED that 635 Madison Fee Property Owner LLC, Montblanc, Ironwood Realty Corporation, and Richemont North America, Inc. motion seeking leave to amend their answers to assert crossclaims of common law indemnification and contractual indemnification against Second Third-Party Defendant Practical Plumbing and Heating Inc. is granted, and the proposed answers annexed to the moving papers (NYSCEF Docs. 316, 317, and 318) shall be deemed served upon service of a copy of this Decision and Order, with notice of entry; and it is further

ORDERED that 635 Madison Fee Property Owner LLC, Montblanc, Ironwood Realty Corporation, and Richemont North America, Inc.'s motion for summary judgment (Mot. Seq. 002) shall be supplemented to reflect the Amended Answers asserting these crossclaims; and it is further

ORDERED that within ten days of entry, counsel for Movants shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/27/2024 | | |
|-----------|--|--|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|--|
| | x | GRANTED | ☐ DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |