| |
|---|
| **James v Disney Studios Content** |
| 2025 NY Slip Op 30188(U) |
| January 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159201/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                          PART          **33M**

                                                    *Justice*

---------------------------------------------------------------------X

WILLIAM JAMES, JR.,

|                          |                 |
|--------------------------|-----------------|
| INDEX NO.                | 159201/2022     |
| MOTION DATE              | 05/23/2024      |
| MOTION SEQ. NO.          | 001             |

Plaintiff,

- v -

DISNEY STUDIOS CONTENT, DISNEY THEATRICAL
GROUP, THOMAS SCHLENK, AMEENAH KAPLAN, PAM
WONG, DANTON LIANG

**DECISION + ORDER ON
MOTION**

Defendant.

---------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 31, 32, 33, 34, 35, 36, 43

were read on this motion to/for                      DISMISS                      .

Upon the foregoing documents, and after a final submission date of September 19, 2024,

Defendants Disney Studios Content, Disney Theatrical Group (collectively "Disney"), Thomas

Schlenk, Pam Wong, and Danton Liang's (collectively "Defendants") motion to dismiss Plaintiff

William James, Jr.'s ("Plaintiff") Complaint pursuant to CPLR 3211(a)(2) is denied. Plaintiff's

cross-motion seeking leave to amend his Complaint is granted.

## I.      Background

This is an employment discrimination action brought by Plaintiff pursuant to the New York

State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL").

Plaintiff was an actor employed by Disney in the North American tour of the musical production

of *Lion King*. Plaintiff alleges he worked with Defendant Ameenah Kaplan ("Kaplan") who was

the director of the tour. Plaintiff further alleges that Kaplan engaged in *quid-pro-quo* invitations

and engaged in sexual harassment. Throughout March and April 2019, Plaintiff allegedly rebuffed

several invitations from Kaplan to go out for drinks and dates. Plaintiff claims Kaplan retaliated

against him for rebuffing Kaplan's requests. Plaintiff allegedly complained about the retaliation and on March 9th, 2020, Plaintiff's first day of paternity leave, he was allegedly terminated. Plaintiff alleges this was retaliation for his complaints about Kaplan.

Plaintiff was deposed on March 13, 2024 (NYSCEF Doc. 23). The parties only submit excerpts of Plaintiff's deposition; however, Plaintiff admitted during his deposition that at all relevant times he maintained a permanent address in Illinois. The only stop Plaintiff's tour made in New York was in Rochester, and Plaintiff could not recall whether any allegedly discriminatory acts took place there. When Plaintiff was terminated, he was in Chicago on paternity leave.

Defendants now move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to CPLR 3211(a)(2). Defendants argue the NYSHRL and NYCHRL do not apply to the facts of this case because Plaintiff is not a resident of New York State or New York City, and the impact of the allegedly discriminatory acts were not felt by Plaintiff in New York State or New York City. Plaintiff opposes and cross-moves to amend his Complaint. Plaintiff argues that the Defendants and Plaintiff's employment were all headquartered in New York City and Plaintiff was directed to address any human resource issues to Disney's New York City office. Plaintiff seeks leave to amend his Complaint to allege that he was given a mailbox at Disney's New York City office and paychecks were issued to his New York City address.

## II. Discussion

As held by the Court of Appeals, the purpose of the NYSHRL and NYCHRL is to "protect 'inhabitants' and persons 'within' the state" (*Hoffman v Parade Publications*, 15 NY3d 285, 291 [2010]). The Court of Appeals therefore requires that "a nonresident plead and prove that the alleged discriminatory conduct had an impact in New York" (*id.*).

**159201/2022 JAMES JR., WILLIAM vs. DISNEY STUDIOS CONTENT ET AL** **Page 2 of 5**
**Motion No. 001**

2 of 5

[* 2]

The Court of Appeals has recently expanded the protections of the NYSHRL and NYCHRL to out of state residents in failure to promote and failure to hire cases based on a liberal construction of "inhabitants" and "individual within this state" found in Executive Law § 290(3) and Administrative Code § 8-101[1] (*see Syeed v Bloomberg L.P.*, 41 NY3d 446, 453 [2024]). Indeed, the *Hoffman* Court held that "the impact requirement does not exclude all nonresidents from [the] protection" of the Human Rights Law (15 NY3d 285, 290 [2010]). The *Syeed* Court held that a nonresident satisfies the impact requirement if they can show they were "working in New York" (41 NY3d at 451). The *Syeed* Court likewise considered the impact of discrimination not just to the individual Plaintiff, but New York State and New York City, for they "are deprived of economic and civic contributions from individuals" discriminated against, "along with the more diverse workforces and communities that the individuals would advance."

The First Department has likewise recognized the societal impact of discrimination, remarking that "State and City Human Rights Laws are meant to deter discriminatory behavior by New York employers, as well as to compensate the employees impacted by that behavior" (*Pakniat v Moor*, 192 AD3d 596, 597 [1st Dept 2021]). The *Pakniat* Court recognized the need for a more flexible "impact" test given the expanded "diaspora of remote workers, many of them laboring in other states for New York firms" (*Id.*).

Given the evolving legal landscape and unique employment status of a touring actor employed by a New York City based production company, the Court finds there is sufficient evidence that there is an impact within New York to invoke subject matter jurisdiction under the NYSHRL and NYCHRL. Interpreting "individual within this state" as broadly as possible, as this Court must, the Court finds that Defendants' issuance of a mailing address to Plaintiff in New

---

[1] Courts are instructed to interpret the NYCHRL independently of state and federal anti-discrimination laws to create an independent body of jurisprudence that is maximally protective of civil rights (*see* New York Local Law 35 § 1).

**159201/2022   JAMES JR., WILLIAM vs. DISNEY STUDIOS CONTENT ET AL**                    **Page 3 of 5**
**Motion No. 001**

York City, along with listing his "Organization Point" as New York City to constitute sufficient presence within New York State and New York City to invoke the NYSHRL and NYCHRL (*see* NYSCEF Doc. 35). Indeed, Defendants themselves mailed paychecks to Plaintiff's address, designated by Defendants, within New York City.

Moreover, Defendants' application of the "impact test" is too narrow. The impact of the discrimination was felt in New York because New York was required to issue unemployment checks to Plaintiff allegedly due to Defendants' discriminatory behavior. This is not a case like *Hoffman* where the plaintiff was not a resident of New York and did not work in New York, here the salient facts indicate Plaintiff was indeed employed in New York and was provided a New York City based work address. Because Plaintiff's New York City based employment was terminated as a result of allegedly discriminatory conduct, and New York State was required to pay unemployment insurance to Plaintiff as a result of his termination, there are sufficient facts for Plaintiff to invoke operation of the NYSHRL and NYCHRL. Therefore, Defendants' motion to dismiss based on lack of subject matter jurisdiction is denied.

Plaintiff is granted leave to amend his Complaint. Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]). Here, the only prejudice Defendants complain of is "delay in resolving the case." However, there are no new causes of action, and Plaintiff simply seeks to bolster his factual allegations. Discovery is not over

159201/2022  JAMES JR., WILLIAM vs. DISNEY STUDIOS CONTENT ET AL          Page 4 of 5
Motion No. 001

4 of 5

as Defendants have not yet been deposed. The prejudice complained of is illusory, and as discussed, the proposed amendments are not futile. Therefore, Plaintiff's cross-motion seeking leave to amend is granted.

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss is denied; and it is further

ORDERED that the plaintiff's cross-motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that the defendant shall serve an answer to the amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further

ORDERED that counsel are directed to appear for a status conference in Room 442, 60 Centre Street, on February 26th, 2025, at 10:30 AM; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/17/2025 | | *My V Rosado JSC* |
|-----------|--|-------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|---|----------------------|--|--|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

159201/2022   JAMES JR., WILLIAM vs. DISNEY STUDIOS CONTENT ET AL          Page 5 of 5
Motion No. 001

5 of 5

[* 5]