**Deliotte v L'Oreal Usa, Inc.**

2025 NY Slip Op 31193(U)

April 9, 2025

Supreme Court, New York County

Docket Number: Index No. 156144/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

-----------------------------------------------------------------------X

NATHAN DELIOTTE, Individually and as Administrator of the ESTATE OF GLORIA DELIOTTE, Deceased

Plaintiff,

- v -

L'OREAL USA, INC.,L'OREAL USA PRODUCTS, INC.,SOFT SHEEN-CARSON, LLC,STRENGTH OF NATURE, LLC,GODREJ SON HOLDINGS, INC.,LUSTER PRODUCTS COMPANY, NAMASTE LABORATORIES, LLC D/B/A ORGANIC ROOT STIMULATOR, BEAUTY BELL ENTERPRISE D/B/A HOUSE OF CHEATHAM, INC. AND HOUSE OF CHEATHAM LLC,HOUSE OF CHEATHAM, LLC,BEAUTY KINGDOM USA CORP., BEAUTY PLUS BEAUTY SUPPLY STORE INC.,WOW BEAUTY SUPPLY INC.

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156144/2024 |
| MOTION DATE | 11/14/2024 |
| MOTION SEQ. NO. | 011 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 011) 100, 101, 102, 103, 104, 105, 131, 138

were read on this motion to/for      **AMEND CAPTION/PLEADINGS**      .

Upon the foregoing documents, and after a final submission date of January 28, 2025, Plaintiff Nathan Deliotte, Individually and as Administrator of the Estate of Gloria Deliotte's, ("Plaintiff") motion seeking leave to amend his Complaint is granted in part and denied in part.

## I.    Background

Gloria Deliotte ("Decedent") frequently used hair relaxers allegedly produced, manufactured, and sold by the numerous Defendants. These products allegedly caused her uterine/endometrial cancer. Plaintiff alleges Defendants' products contained numerous endocrine-disrupting chemicals which when applied to the scalp greatly increased the risk of developing gynecological cancer, and that Defendants failed to warn consumers about these chemical

156144/2024   DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL
Motion No. 011

Page 1 of 5

ingredients. Plaintiff sues Defendants for damages related to Decedent's cancer based on numerous theories of liability.

Here, Plaintiff seeks leave to serve a Second Amended Complaint to include Defendants House of Cheatham, LLC and Beauty Bell Enterprises, LLC d/b/a House of Cheatham, Inc. (collectively "House of Cheatham Defendants") and Namaste Laboratories, LLC ("Namaste") in the heading of his first cause of action alleging Strict Liability – Design and/or Manufacturing Defect, and the heading of his fourth cause of action Negligence – Design and/or Manufacturing Defect. Plaintiff also seeks leave to include an allegation that the House of Cheatham Defendants developed, tested, assembled, marketed, manufactured, and sold chemical hair relaxer products known to the House of Cheatham Defendants, but unknown to Plaintiff and Plaintiff's Decedent, that contained endocrine disrupting chemicals. Plaintiff claims the amendments are needed to correct typographical errors. The House of Cheatham Defendants and Namaste oppose the motion.

## II.     Discussion

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]).

Given this liberal standard, Plaintiff is granted leave to amend to assert design defect claims against Namaste and the House of Cheatham Defendants and is granted leave to include the requested factual allegation paragraph against the House of Cheatham Defendants. There is no

**156144/2024   DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL**                    **Page 2 of 5**
**Motion No. 011**

2 of 5

showing of prejudice as this case is still in its infancy, with little to no discovery taking place and oral argument scheduled on multiple pre-answer motions to dismiss to take place in May of 2025.

Moreover, the proposed amendments seeking to assert design defect claims are not patently devoid of merit. The House of Cheatham Defendants and Namaste only oppose amendment based on the sufficiency of the allegations. However, as long held by the Court of Appeals, a design defect claim arises when a product is "unreasonably dangerous for its intended use" or "whose utility does not outweigh the danger inherent in its introduction into the stream of commerce." (*Voss v. Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]). Plaintiff explicitly alleges that The House of Cheatham Defendants and Namaste hair relaxer products were unreasonably dangerous because they contained toxic ingredients which increase the risk of cancer. Given the lenient standard on a motion seeking leave to amend, these proposed allegations are sufficient to grant leave to amend.

However, the motion is denied to the extent Plaintiff seeks to assert manufacturing defect claims against The House of Cheatham Defendants and Namaste. A cause of action alleging design defect is distinct from a manufacturing defect claim, and a review of the allegations in the second and fourth causes of action clarify that Plaintiff is only alleging causes of action based on design defect, even though the headings state "Design and/or Manufacturing Defect." Indeed, to allege a manufacturing defect claim, there must be allegations that there was a mistake or error during the manufacturing process which made a product defective (*Narvaez v Wadsworth*, 58 Misc.3d 12229[A] at 7 [Sup. Ct., Bx Cty, 2018] citing *Fitzpatrick v Currie*, 52 AD3d 1089, 1090 [3d Dept 2008]). Here, there are no allegations that the products used were manufactured defectively– rather Plaintiff alleges the products were designed defectively by including dangerous ingredients and

**156144/2024   DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL**
**Motion No.  011**

**Page 3 of 5**

3 of 5

failing to warn consumers about the dangers of those ingredients. Therefore, to the extent Plaintiff seeks leave to amend to assert claims of manufacturing defect, leave is denied.

Accordingly, it is hereby,

ORDERED that the Plaintiff's motion for leave to amend his First Amended Complaint is granted, in part, as follows: leave is granted to amend the first, and fourth causes of action solely to the extent they allege design defect claims against Defendants House of Cheatham, LLC, Beauty Bell Enterprises, LLC d/b/a House of Cheatham, Inc. and Namaste Laboratories, LLC, and leave is further granted to the extent Plaintiff may amend the First Amended Complaint to include the factual allegations found in paragraph 93 of NYSCEF Doc. 105, and to this extent the proposed amended complaint in the form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry; and it is further

ORDERED that leave to amend the complaint is denied to the extent Plaintiff seeks leave to assert manufacturing defect claims against Defendants House of Cheatham, LLC, Beauty Bell Enterprises, LLC d/b/a House of Cheatham, Inc. and Namaste Laboratories, LLC in Plaintiff's first and fourth causes of action, and the words "and/or manufacturing" shall be stricken from the headings of those causes of action; and it is further

ORDERED that Defendants shall answer the amended complaint or otherwise respond thereto within 20 days from the date of said service;[1] and it is further

*[This space is intentionally left blank.]*

---

[1] As there are numerous motions to dismiss Plaintiff's First Amended Complaint scheduled to be heard on May 6, 2025, the parties shall file letter correspondence on NYSCEF and e-mail the Court at SFC-Part33-Clerk@nycourts.gov within twenty days of this Decision and Order whether they are withdrawing their motions to dismiss or whether they elect to direct the motion to dismiss the First Amended Complaint towards the Second Amended Complaint (*see, e.g. Sage Realty Corp. v Proskauer Rose LLP*, 251 AD2d 35, 38 [1st Dept 1998])

**156144/2024 DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL**
**Motion No. 011**

Page 4 of 5

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/9/2025 | | | | _May V R..... JSC_ | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156144/2024  DELIOTTE, NATHAN vs. L'OREAL USA, INC. ET AL**
**Motion No.  011**

Page 5 of 5

5 of 5