| |
|---|
| **Otsuka v Shimura** |
| 2025 NY Slip Op 31278(U) |
| April 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159202/2020 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MARY V. ROSADO                         PART                    33M

*Justice*

-------------------------------------------------------------------------X

CHIKAKO OTSUKA, Individually and in the Right and on Behalf of GREEN APOLLO LLC and CIMBA KING LLC,

Plaintiffs,

- v -

TOMOHIKO SHIMURA and ICS AMERICA CO., LTD.,

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159202/2020 |
| MOTION DATE | 01/31/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 110, 111, 112, 113, 114, 115, 116, 117, 119, 120, 121, 122, 123

were read on this motion to/for                    LEAVE TO FILE                    .

Upon the foregoing documents, and after a final submission date of February 18, 2025, Plaintiff Chikako Otsuka's ("Plaintiff") motion seeking leave to file and serve a third-amended Complaint is granted.

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]).

Although Plaintiff has delayed in seeking leave to file a third amended Complaint, the Court finds the delay to be excusable. First, the delay is partially a result of the parties' failed attempt to mediate this case in 2023 (*see* NYSCEF Doc. 93). Moreover, Plaintiff and her attorney's

**159202/2020   OTSUKA, CHIKAKO vs. SHIMURA, TOMOHIKO**
**Motion No.   004**

**Page 1 of 4**

1 of 4

[* 1]

relationship broke down in April of 2024, leading to Plaintiff's counsel being relieved by order of this Court on July 19, 2024, and resulting in a 60-day stay of this case (NYSCEF Doc. 102). Plaintiff then had to find new counsel in New York despite living in Japan, and she did not retain new counsel until November 1, 2024 (NYSCEF Doc. 105). Given these circumstances, and because delay alone is insufficient to deny leave to amend, the Court rejects Defendant's argument that the motion should be denied based on delay. This is especially true as discovery is ongoing, and the note of issue has not been filed. As long held by the Court of Appeals, "mere lateness is not a barrier to amendment" (*Edenwald Contracting Co., Inc. v City of New York*, 60 NY2d 957, 959 [1983]).

Further, Defendant has failed to show the requisite prejudice to deny leave to amend. "Prejudice" for purposes of denying leave to amend requires a showing that "the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" (*Robinson v Day*, 103 AD3d 584, 585 [1st Dept 2013] quoting *Kocourek v Booz Allen Hamilton Inc.*, 85 AD3d 502, 504 [1st Dept 2011]). Defendant argues that he will be prejudiced because Plaintiff seeks to add a new claim for judicial dissolution, but discovery remains open, and the parties can be afforded ample time to conduct discovery into the newly pled claim. Thus, the prejudice claimed by Defendant is illusory, and with an extension of discovery deadlines he will face no hinderance in preparing his case.

Finally, the Court finds unavailing Defendant's argument that leave to amend should be denied because the proposed pleadings are patently devoid of merit. Limited Liability Company Law § 702 allows a Court, upon petition by a member of a limited liability company, to order dissolution of the LLC when in the context of the terms of operating agreement or articles of incorporation, it is found that (1) management of the entity is unable to permit or promote the

**159202/2020  OTSUKA, CHIKAKO vs. SHIMURA, TOMOHIKO**
**Motion No. 004**

**Page 2 of 4**

2 of 4

purpose of the entity, or (2) continuing the entity is financially unfeasible (*TZ Vista, LLC v Helmer*, 235 AD3d 691, 692 [2d Dept 2025]).

The operating agreement for Green Apollo LLC states its purpose is "solely to purchase, acquire, buy, sell, own, exchange, trade in, hold, improve, develop, lease, manage, operate, subdivide, and otherwise deal in and with the real property and improvements thereon located at 170 West 124th Street, New York, New York" (NYSCEF Doc. 113). Cimba King LLC has the same purpose, except for the property located at 518 West 136th Street, New York, New York (NYSCEF Doc. 114).

The proposed amended complaint is replete with allegations that the managing member, Defendant, has failed to promote the purposes of these two LLCs and has allegedly allowed the two properties to deteriorate allegedly while operating a substantial loss over multiple years. This includes allegations of: (1) a fire which allegedly occurred on February 29, 2024 at the property held by Green Apollo LLC of which Defendant has allegedly failed to provide Plaintiff any information; (2) Defendant's alleged unilateral refinancing of property and failure to account for the proceeds of the refinancing; (3) unlawfully renting units in the Cimba King LLC property on Airbnb, resulting in a substantial lawsuit with allegedly severe financial damages without any notice of same to Plaintiff; (4) lawsuits related to allegedly illegal social clubs with illegal drinking, loitering, drug use, and gambling at the Green Apollo property, (5) evidence that both LLCs are operating at a loss, and (6) the entire Green Apollo property now being empty of rent paying tenants.

On a motion seeking leave to amend, all that must be shown is the proposed amendment is not patently devoid of merit. Under this lenient standard, and given the detailed factual allegations

**159202/2020  OTSUKA, CHIKAKO vs. SHIMURA, TOMOHIKO**
**Motion No. 004**

**Page 3 of 4**

[* 3]

3 of 4

and accompanying exhibits, the proposed Third-Amended Complaint passes muster. Therefore, Plaintiff's motion seeking leave to amend is granted.

Accordingly, it is hereby,

ORDERED that the plaintiff's motion for leave to amend the complaint is granted, and the third amended complaint in the proposed form annexed to the moving papers (NYSCEF Doc. 112) shall be deemed served upon service of a copy of this order with notice of entry; and it is further

ORDERED that the defendant shall serve an answer to the amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further

ORDERED that counsel are directed to meet and confer immediately and submit a proposed status conference order detailing what discovery remains outstanding with updated discovery deadlines to the Court via e-mail at SFC-Part33-Clerk@nycourts.gov, but in no event shall the proposed order be submitted later than May 26, 2025. If the parties are unable to agree to a proposed order and have a serious discovery dispute requiring Court intervention, they shall appear for a status conference in Room 442, 60 Centre Street, on May 28, 2025, at 9:30 a.m.; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/14/2025 | | | | *My V Rosa JSC* | |
|-----------|---|---|---|----------------|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|----------------------|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159202/2020 OTSUKA, CHIKAKO vs. SHIMURA, TOMOHIKO**
**Motion No. 004**

Page 4 of 4

4 of 4

[* 4]