| |
|---|
| **Cerros v New York City Tr. Auth.** |
| 2024 NY Slip Op 30319(U) |
| January 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153784/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO                          PART          33M

                                              *Justice*

-----------------------------------------------------------------X

MAURICIO CERROS, ENMA CERROS,                   INDEX NO.        153784/2021

                                Plaintiff,       MOTION DATE     11/01/2023

                  - v -                          MOTION SEQ. NO.    003

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, THE
CITY OF NEW YORK, TULLY CONSTRUCTION CO.         **DECISION + ORDER ON**
INC.,WALSH CONSTRUCTION COMPANY II,                      **MOTION**
LLC,FELDMAN LUMBER-US LBM, LLC,

                                Defendant.

-----------------------------------------------------------------X

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN          Third-Party
TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK       Index No. 595079/2023

                                Plaintiff,

                  -against-

FELDMAN LUMBER-US LBM, LLC

                                Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 107, 108, 109, 110, 112, 113, 114, 115 were read on this motion to/for _____ AMEND CAPTION/PLEADINGS _____.

Upon the foregoing documents, Plaintiffs Mauricio Cerros ("Mauricio") and Enma Cerros' ("Plaintiffs") motion for an Order granting Plaintiffs' motion for leave to file and serve a first amended complaint is granted.

## I.    Background and Procedural History

Plaintiff Mauricio alleges that while employed by Walsh Construction Company II, LLC ("Walsh"), he was performing work on the New York City Transit Authority/Metropolitan Transportation Authority Flood Mitigation and Resiliency Project (the "Train Yard") when, "after

153784/2021  CERROS, MAURICIO vs. NEW YORK CITY TRANSIT                    Page 1 of 6
Motion No. 003

1 of 6

removing straps from a stack of lumber that was improperly placed and had not been properly secured, the stack of lumber collapsed and fell down onto Plaintiff, causing him serious physical injuries" (NYSCEF Doc. 1 at ¶ 5).

Plaintiffs commenced the instant action against Defendants New York City Transit Authority ("NYCTA"), Metropolitan Transportation Authority ("MTA"), The City of New York ("TCNY"), Tully Construction Co. Inc. ("Tully"), and Walsh Construction Company II, LLC ("Walsh") by filing and serving a Summons and Complaint dated April 19, 2021 (NYSCEF Doc. 88). Issue was joined by the service of an Answer by Defendants NYCTA, MTA and TCNY dated June 4, 2021 (NYSCEF Doc. 99). In lieu of answering, Defendants Tully and Walsh filed a motion to dismiss on June 15, 2021 (NYSCEF Doc. 9). Plaintiffs' action against Tully and Walsh was later discontinued without prejudice pursuant to a Stipulation of Discontinuance dated September 20, 2021 (NYSCEF Doc. 90).

On January 26, 2023, Defendants NYCTA, MTA and TCNY (the "Third-Party Plaintiffs") commenced a third-party action against Feldman Lumber-US LBM, LLC ("Feldman") (NYSCEF Doc. 37). Feldman is a lumber yard in the City of New York that provides materials to various individuals and entities throughout the City of New York, and, in this case, provided materials to Walsh at the Train Yard (NYSCEF Doc. 107 at ¶ 3).

Subsequently, Plaintiffs commenced a separate action against Feldman under Index No. 150588/2023 (the "Separate Action") by filing and serving a Summons and Verified Complaint dated January 19, 2023 (NYSCEF Doc. 89). Issue was joined by Feldman in the Separate Action by service of an Answer dated February 27, 2023 (NYSCEF Doc. 102). Thereafter, the Separate Action was consolidated into this action by Decision and Order dated June 1, 2023 (NYSCEF Doc. 73).

153784/2021  CERROS, MAURICIO vs. NEW YORK CITY TRANSIT
Motion No. 003

Page 2 of 6

2 of 6

Plaintiffs commenced a third action (the "Third Action") by Summons and Complaint dated October 30, 2023 (Exhibit B to NYSCEF Doc. 98), asserting claims, *inter alia*, against the possible manufacturers and distributors of the subject draft of lumber, sounding in strict products liability, breach of warranty and negligence (NYSCEF Doc. 86 at ¶ 15). Plaintiffs intend to move to consolidate the Third Action with the instant action (NYSCEF Doc. 86 at ¶ 23).

On November 1, 2023, Plaintiffs made the instant motion (Mot. Seq. 3) (NYSCEF Doc. 85) for an Order granting Plaintiffs leave to file and serve a First Amended Complaint (NYSCEF Doc. 98) adding claims against Feldman for strict products liability and breach of warranty, as well as an additional claim of negligence against all defendants. Feldman filed an Affirmation in Opposition to Plaintiffs' motion dated November 22, 2023 (NYSCEF Doc. 107). Plaintiffs filed a Reply Affirmation in support of their motion dated January 2, 2024 (NYSCEF Doc. 112).

## II. Discussion

### A. Standard

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. V National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]).

### B. Plaintiffs Failure to Include an Affidavit of Merit is not Fatal to their Motion

Preliminarily, Feldman contends that Plaintiffs' motion must be denied because Plaintiffs have failed to submit an affidavit of merit in support of the application to amend (NYSCEF Doc.

[* 3]

107 at ¶ 17). Specifically, Feldman cites to *Schulty Roth & Zabel v. Kassover*, 28 A.D.3d 404; 812 N.Y.S.2d 874 (1st Dept. 2006) in support of the assertion that "[a]lthough the standard for amending a pleading is less exacting than in moving for summary judgment, there still must be an Affidavit of Merit or an offer of evidence similar to that supporting a summary judgment motion." However, more recent decisions by the Fist Department have held, conversely, that on a motion for leave to amend pleadings, a plaintiff is "not required to support its allegations with evidence or an affidavit of merit" (*St. Nicholas W. 126 L.P. v Republic Inv. Co., LLC*, 103 AD3d 488, 488-489 [1st Dept 2021]). As such, Plaintiffs' failure to submit an affidavit of merit is not fatal to their motion for leave to file a first amended complaint.

<u>C. Plaintiffs' Motion for Leave to File a First Amended Complaint is Granted</u>

As stated above, to successfully oppose a motion to amend pleadings a party must demonstrate that it would be substantially prejudiced by the amendment, or that the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. V National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]).

Feldman's opposition fails to demonstrate or assert that granting Plaintiffs' motion for leave to file a first amended complaint would be prejudicial to Feldman in any way (NYSCEF Doc. 107). Feldman's primary argument in opposition, with respect to the product liability claim included in Plaintiffs' First Amended Complaint, is that Plaintiffs have "not set forth a single basis in support of [their] application to amend the complaint as there has been no testimony that there was any issue with the stack of lumber that fell on to the plaintiff other than falling over due to vibration from the nearby pile driving activities" (NYSCEF Doc. 107 at ¶ 14). However, Plaintiffs' claim in the First Amended Complaint is "not that the individual pieces of 3x10x16 lumber were defective," but rather that "the subject draft of lumber collectively as manufactured with all of its

153784/2021  CERROS, MAURICIO vs. NEW YORK CITY TRANSIT
Motion No. 003

Page 4 of 6

4 of 6

[* 4]

component parts – including defective dunnage which was insufficient to support and stabilize the draft – was defective as manufactured, either in its design and/or manufacture and/or failure to warn" (NSYCEF Doc. 98 at ¶¶ 90-102). Plaintiffs' Bill of Particulars specifically alleges, *inter alia*, that Feldman used improper and defective dunnage, failed to use and properly place dunnage, allowed and permitted the use and operation of faulty and defective equipment including the dunnage, bands and stack of lumber, and provided inadequately designed dunnage" (NYSCEF Doc. 101 at ¶ 7).

In light of the foregoing, the Court finds that Plaintiffs' proposed First Amended Complaint is not palpably insufficient as a matter of law, and will not result in substantial prejudice to any party. As such, Plaintiffs' motion for leave to file and serve the Proposed First Amended Complaint is granted.

Accordingly, it is hereby,

ORDERED that Plaintiffs Mauricio Cerros and Enma Cerros' motion for an Order granting Plaintiffs' motion for leave to file and serve a first amended complaint is granted; and it is further

ORDERED that Plaintiff's motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving papers (NYSCEF Doc. 98) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that within 10 days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on all parties to this action; and it is further

ORDERED that the defendants shall serve an answer to the amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further

153784/2021  CERROS, MAURICIO vs. NEW YORK CITY TRANSIT
Motion No. 003

Page 5 of 6

[* 5]

ORDERED that on or before January 23, 2024, the parties shall submit a proposed Status

Conference Order via NYSCEF and e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are

unable to agree upon a proposed Status Conference Order, the parties shall appear for an in-person

status conference on January 24, 2024 at 9:30 a.m. in 60 Centre Street, Room 442, New York,

New York; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 1/29/2024 | | | May V Rosa JSC | |
|-----------|---|---|----------------|---|
| DATE | | | HON. MARY V. ROSADO, J.S.C. | |
| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
| | x | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

153784/2021  CERROS, MAURICIO vs. NEW YORK CITY TRANSIT
Motion No. 003

Page 6 of 6

6 of 6