| Cipriani USA, Inc. v Heaton |
| :---: |
| 2024 NY Slip Op 33913(U) |
| November 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153894/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MARY V. ROSADO       PART       33M

                                *Justice*

------------------------------------------------------------------X

CIPRIANI USA, INC.,

                            Plaintiff,

- v -

ANDREW HEATON, AAA FULTON SUPPLY INC.,TEK MEK INC.,YEVGENIY PORTNOY, PHILIP CORHAN, ALEKSANDR PORTNOY, FRANKLIN PALAQUIBAY

                            Defendants.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153894/2024 |
| MOTION DATE | 08/05/2024 |
| MOTION SEQ. NO. | 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 15, 16, 17, 18, 19, 20, 27, 34, 35, 36

were read on this motion to/for      AMEND CAPTION/PLEADINGS     .

Upon the foregoing documents, Defendants AAA Fulton Supply Inc. and Tek Mec Inc.'s (collectively "Movants") motion seeking leave to amend their Answer is granted in part and denied in part.

Plaintiff Cipriani USA, Inc. ("Plaintiff") alleges Movants, who served as vendors for Plaintiff, committed fraud by submitting false, inflated, and duplicate invoices (NYSCEF Doc. 1). In this motion, the Movants seek leave to amend their Answer to bolster the allegations of their counterclaims, which are the subject of a motion to dismiss under motion sequence 001. Plaintiff opposes on multiple grounds. Plaintiff argues that the Movants' notice of motion is procedurally defective because it fails to satisfy the notice requirements set forth in CPLR 2214(b) and therefore should be disregarded. Plaintiff argues substantively that the motion should be denied because the counterclaims are time barred. In reply, Movants concede that failure to comply with the CPLR provides the Court with discretion to deny a motion served with a defective notice of motion.

153894/2024   CIPRIANI USA, INC. vs. HEATON, ANDREW ET AL
Motion No.  002

Page 1 of 4

However, Movants argue that the motion was adjourned to August 21, 2024[1] and therefore Plaintiff suffered no prejudice. Movants further argue that they should not be denied leave to amend as only some of the alleged breaches run afoul of the statute of limitations.

Pursuant to CPLR 2214(b), "[a] notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard." Here, the notice of motion and supporting papers were served nine days before the return date. While Movants requested any opposing papers to be served at least seven days before, which would require the notice of motion to be served at least sixteen days prior, the record is devoid of Plaintiff ever requesting an adjournment to address this deficiency. Moreover, Plaintiff still opposed the motion on both procedural and substantive grounds. Rather, Plaintiff appears to be engaging in gamesmanship and is using CPLR 2214(b) as a tactic to knock out Movants' motion on a procedural technicality.

Because Plaintiff never requested an adjournment of the return date and was able to address Movants' motion on both procedural and substantive grounds, the Court will overlook Movants' technical deficiencies pursuant to CPLR 2001 and hear the motion on the merits. Indeed, Plaintiff has failed to cite to any First Department precedent where a Court refused to hear a motion based on the argument set forth by Plaintiff. Further, if the Court denied the motion, it would be without prejudice and Movants could simply refile their motion which would be a waste of judicial resources. Therefore, the Court will address the substance of Movants' request for leave to amend.

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be

---

[1] There is no indication that the instant motion was adjourned on NYSCEF, and the Court's case management system ("UCMS") shows that the instant motion's return date and submission date remained August 14, 2024.

**153894/2024  CIPRIANI USA, INC. vs. HEATON, ANDREW ET AL**
**Motion No. 002**

**Page 2 of 4**

2 of 4

[* 2]

substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]).

Plaintiff argues the proposed amendments are futile because they are time-barred. The statute of limitations for breach of contract, unjust enrichment, and promissory estoppel is six years (*see* CPLR 213[1] and [2]). Plaintiff asserts that because most of the allegedly unpaid invoices related to alleged services from January 2018 through April 2018, these claims are barred as the original counterclaims were not filed until May 31, 2024. This argument is correct, and Movants are denied leave to amend to assert a counterclaim for invoices dated prior to May 31, 2018. However, there are numerous allegedly unpaid invoices dated post-May 31, 2018 (*see* NYSCEF Docs. 18-19). Therefore, the counterclaims based on invoices which post-date May 31, 2018 are viable and sufficiently pled for purposes of a motion seeking leave to amend. The Court has considered the remainder of Movants' arguments as to why invoices which pre-date May 31, 2018 are timely and finds them to be unavailing.

Accordingly, it is hereby,

ORDERED that Defendants AAA Fulton Supply Inc. and Tek Mec Inc.'s motion seeking leave to amend their Answer is denied solely to the extent that Defendants AAA Fulton Supply Inc. and Tek Mec Inc. are denied leave to assert counterclaims for breach of contract, unjust enrichment, and promissory estoppel premised on any invoices which pre-date May 31, 2018; and it is further

ORDERED that Defendants AAA Fulton Supply Inc. and Tek Mec Inc.'s motion seeking leave to amend their Answer is otherwise granted, and Defendants AAA Fulton Supply Inc. and Tek Mec Inc. shall serve a revised Amended Answer omitting any monetary claims for alleged

**153894/2024 CIPRIANI USA, INC. vs. HEATON, ANDREW ET AL**
**Motion No. 002**

breach of contract, unjust enrichment, and promissory estoppel based on unpaid invoices which pre-date May 31, 2018, within twenty days of entry of this Decision and Order; and it is further

ORDERED that all other parties shall respond to Defendants AAA Fulton Supply Inc. and Tek Mec Inc.'s Amended Answer within twenty days of service of said Amended Answer; and it is further

ORDERED that within ten days of entry, counsel for Defendants AAA Fulton Supply Inc. and Tek Mec Inc. shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 11/1/2024 | | May V Rsar JSC |
| --- | --- | --- |
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153894/2024   CIPRIANI USA, INC. vs. HEATON, ANDREW ET AL**
**Motion No. 002**

**Page 4 of 4**

4 of 4