## Davis v RCPI 600 Fifth Holdings, L.L.C.

2025 NY Slip Op 32006(U)

June 5, 2025

Supreme Court, New York County

Docket Number: Index No. 153213/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

| | |
|---|---|
| PART | **33M** |

-------------------------------------------------------------------------X

GERMAINE DAVIS,

                Plaintiff,

- v -

RCPI 600 FIFTH HOLDINGS, L.L.C., TISHMAN SPEYER
PROPERTIES, INC.

                Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153213/2024 |
| MOTION DATE | 07/19/2024 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47

were read on this motion to/for           JUDGMENT - SUMMARY      .

Upon the foregoing documents, and after a final submission date of April 1, 2025, Defendants RCPI 600 Fifth Holdings, L.L.C. and Tishman Speyer Properties, Inc. (collectively "Defendants") motion for summary judgment dismissing Plaintiff's Complaint against them is granted. Plaintiff Germaine Davis's cross motion seeking to amend his Complaint to add RCPI Landmark Properties, LLC and Tishman Speyer Properties, LLC as additional parties is also granted in part and denied in part.[1]

## I.     Background

Plaintiff alleges that on April 14, 2021, she slipped and fell at 30 Rockefeller Plaza, New York, New York (the "Premises"). Plaintiff alleges that Defendants owned, managed, maintained, or controlled the Premises. Defendants answered on April 25, 2024, and after a brief exchange of

---

[1] Plaintiff submitted two proposed pleadings – one naming Defendants alongside RCPI Landmark Properties, LLC and Tishman Speyer Properties, LLC (NYSCEF Doc. 39), and one naming just RCPI Landmark Properties, LLC and Tishman Speyer Properties, LLC in the caption (NYSCEF Doc. 38). The Court only grants the cross motion to the extent that Plaintiff is granted leave to serve the proposed pleading naming just RCPI Landmark Properties, LLC and Tishman Speyer Properties, LLC in the caption (NYSCEF Doc. 38).

paper discovery, moved for summary judgment dismissing Plaintiff's Complaint. The basis for Defendants' motion is that Plaintiff sued the incorrect corporate entities. Plaintiff cross moves seeking leave to amend her Complaint to name the correct corporate entities. Defendants oppose the cross motion.

## II. Discussion

The Court first addresses Plaintiff's cross motion seeking leave to amend, which is granted. Plaintiff's proposed pleadings do not include Defendants in the caption, therefore granting Plaintiff's cross-motion de facto grants Defendants' motion (*see* NYSCEF Doc. 38).

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]).

Here, there can be no prejudice to Defendants as they are dismissed from this action if the Court grants leave to amend. Nor have the Defendants shown that the proposed amendments are patently devoid of merit – if anything that proposed amendments are a concession that Defendants are incorrectly named in the original complaint. Finally, there has been almost no delay, as the cross-motion was promptly made once Plaintiff was confronted with the evidence that Defendants were not involved with the Premises at the time of Plaintiff's fall.

Defendants' opposition is without merit. In support of Defendants' motion for summary judgment, Defendants produced a management and leasing agreement executed between RCPI

**153213/2024 DAVIS, GERMAINE vs. RCPI 600 FIFTH HOLDINGS, L.L.C. ET AL**
Motion No. 001

**Page 2 of 5**

Landmark Properties, LLC, who is identified as "owner" and Tishman Speyer Properties, L.P., who is identified as "manager" with "property" being defined as "Rockefeller Center" (NYSCEF Doc. 25). In the agreement RCPI Landmark Properties, LLC delegates to Tishman Speyer Properties, L.P. the responsibility to manage, operate, maintain, and repair the property, and Tishman Speyer Properties, L.P. agreed to maintain and repair the property. Although Defendants argue the Rockefeller Center Tower Condominium (the "Condominium") is responsible for maintaining the Premises, they fail to explain conclusively the Condominium's relationship to RCPI Landmark Properties, LLC delegates to Tishman Speyer Properties, L.P. and whether the Condominium delegated responsibilities to these entities.

Moreover, the evidence submitted shows that on January of 2020, the agreement was assigned from Tishman Speyer Properties, LP. To Tishman Speyer Properties, L.L.C. Michael B. Benner, who submitted an affidavit in support of Defendants' motion for summary judgment, signed on behalf of both entities. Thus, given this evidence and for purposes of a motion seeking leave to amend, the proposed amendments are not patently devoid of merit. Nor can they be deemed untimely. Mr. Benner, who appears to be employed by both Tishman entities and has an ongoing business relationship with RCPI Landmark Properties, LLC, had notice of this lawsuit which may be imputed to the proposed defendants under the relation back doctrine (*see, e.g. Picchioni v Sabur*, 232 AD3d 112, 121-22 [1st Dept 2024]). Therefore, Plaintiff's cross motion seeking leave to serve an amended complaint is granted.

Because Plaintiff's proposed pleading does not include the current named Defendants, their motion for summary judgment is granted and they are dismissed from this case. To the extent Plaintiff opposed Defendants' motion, the opposition was based solely on the prematurity of the motion (CPLR 3212[f]). But Plaintiff failed to provide an affidavit from someone with personal

**153213/2024 DAVIS, GERMAINE vs. RCPI 600 FIFTH HOLDINGS, L.L.C. ET AL**
**Motion No. 001**

**Page 3 of 5**

3 of 5

[* 3]

knowledge of the facts underlying the claim, which is required "to demonstrate that essential facts exist but cannot yet be stated." (*354 Chauncey Realty, LLC v Brownstone Agency, Inc.* 213 AD3d 544 [1st Dept 2023]). Plaintiff's counsel's non-probative and speculative opposition is insufficient to rebut the conclusive documentary evidence submitted by Defendants.

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Complaint asserted against them is granted; and it is further

ORDERED that the plaintiff's motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving papers (NYSCEF Doc. 38) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further;

ORDERED that the newly named Defendants shall serve an answer to the amended complaint or otherwise respond thereto within 35 days from the date of said service; and it is further

ORDERED that the caption of the action is amended to read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
--------------------------------------------------------------------------X
GERMAINE DAVIS,

Index No.: 153213/2024

*Plaintiff,*

-against-

RCPI LANDMARK PROPERTIES, LLC and
TISHMAN SPEYER PROPERTIES, LLC

*Defendants*
--------------------------------------------------------------------------X ; and it is further

**153213/2024  DAVIS, GERMAINE vs. RCPI 600 FIFTH HOLDINGS, L.L.C. ET AL**
**Motion No.  001**

**Page 4 of 5**

4 of 5

ORDERED that within ten days of entry, counsel for plaintiff shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to amend their records to reflect such change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the parties shall meet and confer immediately and submit a proposed preliminary conference order to the Court via e-mail at SFC-Part33-Clerk@nycourts.gov, but in no event shall the proposed order be submitted later than August 18, 2025. If the parties have a serious discovery dispute preventing them from submitting a proposed preliminary conference order, they shall appear for an in-person preliminary conference on August 20 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within ten days of entry, counsel for either Plaintiff or Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/5/2025 | | | | $\underline{\text{Mey V Rn-t } \text{JSc}}$ |
|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153213/2024  DAVIS, GERMAINE vs. RCPI 600 FIFTH HOLDINGS, L.L.C. ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5