■ AETNA INSURANCE COMPANY, Respondent, v HUGH JOHNSON et al., Respondents, and ALPHA WASTE PAPER CORP., Appellant. KATHRYNE THOMAS et al., Respondents, v JOSEPH BOAKYE et al., Defendants, and ALPHA WASTE PAPER, INC., Appellant. — Judgment, Supreme Court, New York County (Bowman, J.), entered July 21, 1980, which granted the petition to stay arbitration and adjudged that the vehicle owned by Alpha Waste Paper Corporation was being operated with the permission of the owner, unanimously reversed, on the law and the facts, with costs and disbursements, the stay vacated, and petition dismissed. At a joint trial of the framed issue of permissive use, Raymond P. Pirrello, a partner of Alpha, testified to facts from which the only fair conclusion to be drawn was that at the time of the respective accidents, a former and current employee had taken Alpha's truck without permission. In fact, both admitted their involvement the day after the vehicle was recovered. Upon discovery of its absence, Alpha reported the vehicle stolen to the police. That Pirrello subsequently canceled the report after recovery of the vehicle, undamaged, and the realization that an employee was involved, does not serve to ratify the conduct of the employee and former employee. In determining that there was permissive use, Trial Term made no findings of fact. It did, however, state that Pirrello's testimony was uncontradicted. Respondents did not call any witnesses other than a police officer for the purpose of offering records in evidence. In our view, Pirrello's testimony was credible. We find that at the time of the respective accidents involved the Alpha vehicle was not being operated with the owner's consent. The statutory presumption of permissive use (Vehicle and Traffic Law, § 388) has been rebutted. Concur — Sullivan, J.P., Ross, Lupiano and Lynch, JJ.