Kalair v Fajerman (2022 NY Slip Op 01244)





Kalair v Fajerman


2022 NY Slip Op 01244


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Index No. 23530/19E Appeal No. 15367 Case No. 2021-03154 

[*1]Tahir Kalair, Plaintiff-Respondent,
v
Kalilah R. Fajerman et al., Defendants-Appellants.


Mulholland Minion Davey McNiff & Beyrer, Williston Park (Morgann C. McCarthy for appellants.
William Schwitzer & Associates, P.C., New York (D. Allen Zachary of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered February 9, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability against defendants Kalilah R. Fajerman and Fordham University, struck those defendants' affirmative defenses relating to plaintiff's culpable conduct, and declined to search the record to dismiss the complaint as against defendant The Bancorp Bank (Bancorp), unanimously modified, on the law, to dismiss the complaint as against Bancorp, and otherwise affirmed, without costs.
The law is well established that that a rear-end collision with a stopped vehicle, or with a vehicle that is coming to a stop, creates a prima facie case of negligence by the operator of the rear vehicle unless the operator proffers an adequate nonnegligent explanation for the accident (see Urena v GVC Ltd., 160 AD3d 467, 467 [1st Dept 2018]). Plaintiff made a prima facie showing of his entitlement to summary judgment on the issue of liability by establishing that defendant Fajerman, the driver of the vehicle owned by Fordham, was negligent. Fajerman's assertion that plaintiff's vehicle stopped abruptly does not explain why she failed to maintain a safe distance, and therefore is insufficient to constitute a nonnegligent explanation for the accident (see Urena, 160 AD3d at 467; Morgan v Browner, 138 AD3d 560, 560 [1st Dept 2016]; Corrigan v Porter Cab Corp., 101 AD3d 471, 472 [1st Dept 2012]).
Bancorp's request to search the record and for summary judgment dismissing the complaint against it under the Graves Amendment (49 USC § 30106) should have been granted. "On a motion for summary judgment, the court may search the record and, if warranted, grant summary relief even in the absence of a cross motion" (Quirin v 123 Apts. Corp., 128 AD2d 360, 363 [1st Dept 1987] [internal quotation marks omitted], lv dismissed 70 NY2d 796 [1987]). "Under the Graves Amendment, the owner of a leased or rented motor vehicle cannot be held vicariously liable 'for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if — (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)'" (Villa-Capellan v Mendoza, 135 AD3d 555, 556 [1st Dept 2016], quoting 49 USC § 30106[a]). Here, the commercial lease agreement submitted by Bancorp, as well as the affidavit of Erika Caesar, Chief Diversity Officer of Assistant General Counsel for Bancorp, clearly establish that Bancorp, a commercial lessor of motor vehicles, had leased the vehicle that Fajerman was driving, to defendant Fordham. The commercial lease further establishes that Fordham was responsible for the maintenance and repairs for the vehicle during the period of the lease and [*2]during the time in which the accident occurred. Additionally, plaintiff did not allege any mechanical defects in the subject vehicle, and Fajerman also stated in her affidavit that the car did not have any mechanical defects. As such, Bancorp is entitled to judgment as a matter of law under the Graves Amendment (Caputo v Brown, 196 AD3d 456, 458 [2d Dept 2021]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022