Ventura v Lubman (2023 NY Slip Op 03444)

Ventura v Lubman

2023 NY Slip Op 03444

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 26268/18E Appeal No. 559 Case No. 2022-04628 

[*1]Joel Ventura, Plaintiff-Respondent,
v
Aleksey Lubman, Defendant-Appellant, Sharear Zahid, Defendant, Michael Cautillo, Defendant-Respondent.

Malapero Prisco & Klauber LLP, New York (Francis B. Mann, Jr. of counsel), for appellant.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered July 28, 2022, which denied defendant Aleksey Lubman's motion to amend his answer to assert a Graves Amendment affirmative defense and for summary judgment dismissing the complaint as against him, unanimously modified, on the law, to grant Lubman's motion for leave to amend the answer, and otherwise affirmed, without costs.
While the court correctly denied Lubman's motion for summary judgment dismissing the complaint against him, it improperly determined that the Graves Amendment is inapplicable here. Although Lubman did not clearly establish that he was a commercial lessor of motor vehicles (see 49 USC § 30106[a][1]), he proffered sufficient evidence to create a question of fact as to the Graves Amendment's applicability. He submitted evidence that he owned between four and seven cars that he rented fifty-nine times over a nine-month period through Turo, a peer-to-peer car sharing service. This volume of rental activity, which involved several vehicles, demonstrated more than a casual or occasional endeavor. The fact that Lubman operated under his own name rather than a corporate entity was not determinative. The Graves Amendment defines "owner" as "a person," which it defines, in part, as "any individual" as well as a "corporation, company . . . or any other entity" (49 USC § 30106[d][2] and [3]). Thus, by its own terms, the Graves Amendment is intended to cover both individuals and corporate entities.
Supreme Court should have granted Lubman's motion for leave to amend his answer to assert a Graves Amendment affirmative defense. Lubman demonstrated that his proposed amended answer was not palpably insufficient or clearly devoid of merit, as he proffered sufficient evidence of the Graves Amendment's potential applicability, i.e., the rental of his seven cars fifty-nine times over nine months (see CIFG Assur. N. Am., Inc. v J.P. Morgan Sec. LLC, 146 AD3d 60, 64-65 [1st Dept 2016]; Johnson v Montefiore Med. Ctr., 203 AD3d 462, 464 [1st Dept 2022]). Although plaintiff and defendant Michael Cautillo claimed that they would be prejudiced by the amendment because Lubman waited ten months after his deposition before seeking leave to amend his answer, such delay was not significant prejudice that hindered their case preparation or prevented them from acting in support of their position (see McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012]), as the note of issue had not yet been filed and Lubman
could have been deposed further on the limited issue of the Graves Amendment affirmative defense.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023