Martinez v Stericycle, Inc. (2025 NY Slip Op 00399)

Martinez v Stericycle, Inc.

2025 NY Slip Op 00399

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 22798/18 Appeal No. 3580 Case No. 2024-00911 

[*1]Shakira Martinez, Plaintiff-Respondent,
v
Stericycle, Inc., Defendant-Appellant. "John Doe," Uber Technologies, Inc., et al., Defendants, Andrew . Bennett, Defendant-Respondent.

Stericycle, Inc., Third-Party Plaintiff-Appellant,
v
Andrew . Bennett, Third-Party Defendant-Respondent. [And Another Third-Party Action]

Litchfeild Cavo LLP, New York (Lyndsey Caldwell of counsel), for appellant.
Mallilo & Grossman, Flushing (Spencer Bell of counsel), for Shakira Martinez, respondent.
The Zweig Law Firm, P.C., Cedarhurst (Jonah S. Zweig of counsel), for Andrew V. Bennett, respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered January 23, 2024, which denied defendant Stericycle, Inc.'s motion for summary judgment dismissing all claims and cross-claims as against it, unanimously affirmed, without costs.
Plaintiff seeks to recover damages for injuries allegedly sustained when she was a passenger in an Uber van that was struck by a tractor truck owned by defendant Jones & Jones Trucking LLC (Jones), which was towing a trailer owned by Stericycle. Stericycle does not dispute that Jones and its drivers had permission to haul Stericycle's trailer when the accident occurred.
When two vehicles are used in combination, "by attachment or tow," including tractors and trailers, "the person using or operating any one vehicle shall. . . be deemed to be using or operating each vehicle in the combination, and the owners thereof shall be jointly and severally liable hereunder" (Vehicle and Traffic Law § 388[1]; see Travelers Ins. Co. v Gen. Acc., Fire & Life Assur. Corp., 28 NY2d 458, 461 [1971]). Here, Stericycle failed to rebut the presumption of vicarious liability arising under Vehicle and Traffic Law § 388(1) (see Xuezhen Dong v Cruz-Marte, 223 AD3d 463, 463 [1st Dept 2024]).
The motion court was not required to consider Stericycle's argument, raised for the first time on reply, that the federal Graves Amendment (49 USC § 30106) relieved it of liability (see Guzman v Mike's Pipe Yard, 35 AD3d 266 [1st Dept 2006]). This contention was not directly responsive to any arguments in plaintiff's opposition. In any event, Stericycle failed to proffer any evidence of the applicability of the Graves Amendment (see Ventura v Lubman, 217 AD3d 616, 616-617 [1st Dept 2023]). Stericycle made no showing that it operated as a commercial lessor of motor vehicles, or that any lease agreement existed between it and Jones. To the contrary, the record reflected that Stericycle paid Jones to haul its trailers to its waste disposal facilities.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025