Nunez v Global Launch, LLC (2025 NY Slip Op 04844)

Nunez v Global Launch, LLC

2025 NY Slip Op 04844

Decided on September 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 04, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 33767/18|Appeal No. 4390|Case No. 2024-02533|

[*1]Flavio R. Nunez, Plaintiff-Respondent,
v
Global Launch, LLC, Defendant-Appellant, Richard A. Rodriguez, Defendant.

Ahmuty, Demers & McManus, Alberston (Nicholas P. Calabria of counsel), for appellant.
Michell Dranow, Sea Cliff, for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 11, 2024, which denied defendant Global Launch, LLC's motion to dismiss the complaint as against it in accordance with CPLR 3211(a)(7) or, in the alternative, CPLR 3212, reversed, on the law, without costs, the motion granted, and the complaint dismissed as against Global.
Plaintiff alleges that he was injured when his car was rear-ended by a vehicle owned by Global and rented through nonparty Turo.com, a peer-to-peer car rental platform.
Supreme Court should have dismissed the complaint as against Global under the Graves Amendment (49 USC § 30106). Under the Graves Amendment, "the owner of a leased or rented motor vehicle cannot be held vicariously liable for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if — (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)" (Kalair v Fajerman, 202 AD3d 625, 626 [1st Dept 2022] [internal quotation marks omitted]). Michael Wilkins, the director of trust and safety for Turo.com, testified that Global used the Turo.com platform to rent its cars for approximately seven years and "had a high rate of quality satisfaction from their customers." Global further established that the vehicle was in good condition and was not subject to any recall. Thus, the record establishes that Global "is engaged in the trade or business of renting or leasing motor vehicles" and that it is a qualified vehicle owner as defined under the Graves Amendment.
We reject plaintiff's argument that Global's motion was premature. The record evidence is sufficient to establish that Global qualifies for protection under the Graves Amendment, and plaintiff fails to provide any evidence, rather than mere speculation, to suggest that Global's business does not fall within the Graves Amendment's aegis (see Severinghaus v TUFCO, Inc., 208 AD3d 1119, 1120 [1st Dept 2022]). Our decision in Ventura v Lubman (217 AD3d 616 [1st Dept 2023]) does not support denying defendants' motion. There, the record indicates that it was unclear whether the defendant vehicle owner was a commercial lessor, as he himself testified that he only rented his personal cars from "time to time" and not as a business. Plaintiff has presented no such conflicting testimony here.
Even assuming the Graves Amendment does not apply, Global demonstrated that the vehicle was stolen, and this fact is sufficient to absolve Global of liability (see Aetna Ins. Co. v Johnson, 84 AD2d 505, 505 [1st Dept 1981]). Plaintiff submitted documentary evidence that the vehicle was not returned on the agreed-upon deadline, had its GPS tracker removed, and was reported stolen by Global. Consistent with the documentary evidence, Wilkins testified and Sheikh attested that the rental was made under false pretenses by an individual impersonating someone else, using a forged driver's license and a stolen credit card. Therefore, the vehicle was not being operated with Global's permission on the day of the accident, and Global rebutted the presumption of permissive use imposed by Vehicle and Traffic Law § 388 (see Johnson, 84 AD2d at 505).
We have considered plaintiff's remaining contentions and find them unavailing.
All concur except for Gesmer and Rosado, JJ. who dissent in a memorandum by Gesmer, J. as follows:

Gesmer, J. (dissenting),
 

I respectfully dissent.
The motion court properly denied defendant's motion for summary judgment on both of the grounds that it argued.[FN1] First, defendant argued that it was exempt from liability under the Graves Amendment (49 USC § 30106). As relevant to this case, under the Graves Amendment, "the owner of a leased or rented motor vehicle cannot be held vicariously liable for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if — (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles" (Kalair v Fajerman, 202 AD3d 625, 626 [1st Dept 2022] [internal quotation marks omitted]).
Here, defendant failed to establish by competent evidence that Global owned the vehicle, a Ford Mustang, and "is engaged in the trade or business of renting or leasing motor vehicles" as defined under the Graves Amendment. Global relied on two affidavits by Mohammed Ayaz Sheikh, Global's owner and sole member, and the deposition testimony of Michael Wilkins, the director of Turo's trust and safety operations.
Notably, Mr. Sheikh, who is in the best position to know the nature of Global's business, does not state that Global is in the trade or business of renting vehicles. Indeed, he says nothing about the nature of Global's business. As relevant here, he only states that he, not Global, owned the Mustang, and his affidavits contradict each other as to whether he or Global listed the Mustang for rent on Turo. Mr. Wilkins' deposition testimony also fails to establish defendant's claim under the Graves Amendment. Mr. Wilkins states that Global was "an active host on the Turo platform for many years," but did not recite the source of his knowledge, nor did he state with any specificity the volume or frequency of Global's business with Turo (see Ventura v Lubman, 217 AD3d 616, 616 [1st Dept 2023] [triable issue of fact as to whether defendant is relieved of liability under the Graves Amendment where defendant owned four to seven cars and rented 59 times on Turo in nine months]). Accordingly, the motion court properly found that the evidence proffered by defendant is insufficient to grant summary judgment on this theory (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Second, defendant argues that it should be relieved of liability because the Mustang was stolen and therefore was "not being operated with [the] owner's consent" (see Aetna Ins. Co. v Johnson, 84 AD2d 505, 505 [1st Dept 1981]). To support its claim, defendant relies on Mr. Sheikh's affidavits, Mr. Wilkins' deposition testimony, an unauthenticated police report, and a demand letter. None is sufficient to grant summary judgment on this theory (see Zuckerman, 49 NY2d at 562). As discussed, Mr. Sheikh's affidavits and Mr. Wilkins' deposition testimony only make conclusory statements without documentary support. The police report is unauthenticated and inadmissible per se (see Silva v Lakins, 118 AD3d 556, 557 [1st Dept 2014]). Finally, the demand letter does not fall under any exception to the hearsay rule.
Therefore, Global has failed to meet its burden, and, in my view, the court appropriately denied Global's motion. Accordingly, I respectfully dissent.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 4, 2025

Footnotes

Footnote 1: Supreme Court properly treated defendant's motion to dismiss as a CPLR 3212 motion for summary judgment.