Taveras v Tuck-It-Away Assoc., L.P. (2025 NY Slip Op 06148)

Taveras v Tuck-It-Away Assoc., L.P.

2025 NY Slip Op 06148

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Chan, JJ. 

Index No. 159848/22|Appeal No. 5142|Case No. 2024-06233|

[*1]Juana Taveras, Plaintiff-Appellant,
v
Tuck-It-Away Associates, L.P., Defendant, The Trustees of Columbia University in the City of NY et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 19, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendants The Trustees of Columbia University in the City of NY and The Trustees of Columbia University in the City of NY 412 Low Memorial Library (collectively Columbia) for leave to amend the verified answer to include additional affirmative defenses, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in permitting Columbia to amend its answer to assert affirmative defenses sounding in fraud (see CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). Columbia demonstrated that the proffered amendments were not palpably insufficient or clearly devoid of merit (see Goodwin v Empire City Subway Co., Ltd., 124 AD3d 559, 559 [1st Dept 2015]). Although plaintiff testified that she was close to her daughter and spoke to her at least once a week, plaintiff nevertheless claimed to be unaware that her daughter had a trip and fall accident about 20 days before plaintiff's accident, that her daughter also commenced a personal injury action in which she alleged to have sustained injuries similar to plaintiff's claimed injuries, and that she was represented by the same law firm as plaintiff. In addition, plaintiff alleged that she sustained cervical spine disc herniations requiring fusion surgery as a result of the accident, yet plaintiff's medical records show that plaintiff initially denied having neck pain and was found to be "[n]egative for neck stiffness" by emergency room personnel a few hours after the accident.
Plaintiff's claim that she would be prejudiced because Columbia excessively delayed in seeking leave to amend the answer is unpersuasive. Plaintiff was deposed about six months before Columbia moved to amend, and the June 16, 2024 New York Post article, which reported that plaintiff's spinal surgeon was accused of performing unnecessary fusion operations on patients for profit, was published about a month before Columbia sought leave. This delay did not hinder plaintiff's case preparation nor prevent plaintiff from acting in support of her position given that the note of issue had not been filed (see Ventura v Lubman, 217 AD3d 616, 617 [1st Dept 2023]).
Furthermore, Columbia demonstrated that its proposed additional affirmative defense alleging that plaintiff committed a fraud on the court was not palpably insufficient or clearly devoid of merit. A "[f]raud on the court involves willful conduct that is deceitful and obstructionist, which injects misrepresentations and false information into the judicial process so serious that it undermines the integrity of the proceeding" (CDR CrÉances S.A.S. v Cohen, 23 NY3d 307, 318 [2014] [internal quotation marks omitted]). Here, Columbia demonstrated that plaintiff willfully engaged in deceitful and obstructionist conduct designed to undermine the integrity of this proceeding by attempting to provide false and misleading testimony regarding her alleged injuries and how she sustained them (see Ventura, 217 AD3d at 616-617).
Plaintiff's argument that Columbia's affirmative defenses are merely an improper claim for litigation costs, premature, and violate the Noerr-Pennington doctrine were raised for the first time on appeal and thus, are not properly before this Court (see Ramirez v Almah, LLC, 169 AD3d 508, 509 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025