Southgate Owners Corp. v Esposito (2026 NY Slip Op 01477)

Southgate Owners Corp. v Esposito

2026 NY Slip Op 01477

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 153710/24|Appeal No. 6116|Case No. 2025-04768|

[*1]Southgate Owners Corp., Plaintiff-Appellant,
vPhylis Esposito, Defendant-Respondent.

BraunHagey & Borden LLP, New York (Jeremy A. Cohen of counsel), for appellant.
Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered July 25, 2025, which granted defendant's motion to dismiss the complaint and for summary judgment as to liability on her counterclaim for attorneys' fees, and denied plaintiff's cross-motion for summary judgment on its claim for a declaratory judgment, unanimously affirmed, with costs.
Supreme Court correctly dismissed plaintiff's cause of action seeking a declaration that its April 22, 2024 allocation of additional shares appurtenant to defendant's cooperative apartment was proper and that she was required to pay her proportionate share of maintenance for the additional shares as of January 1, 1996, the effective date. Paragraph 1(e) of the proprietary lease requires shareholders to pay their proportionate share of maintenance for additional shares "from and after the date of issuance," and plaintiff does not dispute that the shares were not issued on January 1, 1996; rather, plaintiff sought to allocate them to defendant nearly 30 years later. Thus, the court properly determined that a declaration that shares were issued as of January 1, 1996 would violate paragraph 1(e) of proprietary lease as a matter of law.
In addition, based on the plain language of the proprietary lease, in order to collect back maintenance by seeking a declaration that the shares were allocated on January 1, 1996, the cooperative would have had to commence the action within six years of that allocation, rendering the 2024 action time-barred (see Haim v 875 Park Ave. Corp., 230 AD3d 1029, 1030 [1st Dept 2024]). Contrary to plaintiff's assertion, defendant expressly preserved the statute of limitations defense in her answer (CPLR 3211[e]), and in any event, when plaintiff cross-moved for summary judgment, the court was empowered to search the record, and, if appropriate, grant summary relief even in the absence of a cross-motion (Kalair v Fajerman, 202 AD3d 625, 626 [1st Dept 2022]).
Although plaintiff's governing documents permit the allocation of additional shares in certain circumstances, there is no "mandate" that it do so. Article V, section 3 of the bylaws provides that in allocating shares, plaintiff's board of directors "shall adopt the allocation of shares set forth in the [offering plan]," but "if such allocation involves the issuance of previously unallocated shares," the board's allocation must bear a "reasonable relationship" to the proportion of "the fair market value of the [plaintiff's] equity" attributable to that space. Even if we were to read the bylaws to require the allocation of additional shares in this instance, plaintiff fails to identify any provision that would permit it to do so retroactively, in contravention of paragraph 1(e) of the proprietary lease (see Haim 230 AD3d at 1030). Plaintiff's may not rely on the "no waiver" provision in paragraph 26 of the proprietary lease, as the doctrine of waiver has no bearing as to whether the statute of limitations bars its claim.
Plaintiff's argue that even if it were not entitled to seek more than $1 million in hypothetical maintenance arrears arising from the retroactive allocation of shares as of January 1, 1996, it should be permitted to collect maintenance from those shares going back six years from the purported April 2024 allocation. Because this argument is a purely legal one appearing on the face of the record, we may reach it despite the fact that it was raised for the first time on appeal (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]). Nonetheless, we reject the argument. The express language of paragraph 1(e) of the proprietary lease permits plaintiff to charge maintenance for additional shares only after the date of issuance. The parties do not dispute that the allocation was not made before the 2024 complaint was filed; indeed, the record contains no share certificate for the additional shares, further rendering this argument hypothetical.
Finally, Supreme Court properly granted so much of defendant's motion as sought summary judgment on her counterclaim for attorneys' fees. Paragraph 28 of the proprietary lease permits plaintiff to collect its attorneys' fees and expenses "in defending, or in asserting a counterclaim in an action or proceeding" against the lessee. Because defendant prevailed in her defense of this action seeking to enforce her purported obligations under the proprietary lease, the motion court properly awarded defendant her attorneys' fees under the reciprocal provision of Real Property Law § 234.
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026